**Opinion filed July 23, 2026**



# In The

# Eleventh Court of Appeals

_____

## No. 11-25-00185-CR

_____

## ANTONIO CRUZ VASQUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 24205-B**

## M E M O R A N D U M   O P I N I O N

Appellant, Antonio Cruz Vasquez, was charged with two counts of aggravated sexual assault of a child, a first-degree felony, and one count of indecency with a child by contact, a third-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2026), § 22.021(a)(2)(B) (West Supp. 2025). Appellant entered an open plea of "guilty" to count one of the indictment, which alleged that Appellant had intentionally and knowingly caused the penetration of the anus of a child younger

than fourteen years of age with his male sexual organ. After the completion of a pre-sentence investigation (PSI) and a hearing on punishment, the trial court assessed Appellant's punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law, and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We observe that prior to entering an open plea, Appellant received written and oral admonishments pursuant to Article 26.13. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2025). Although Appellant did not orally declare that he was "guilty," Article 26.13 does not require an oral plea where, as here, the facts point to a voluntary desire to plead guilty. *Costilla v. State*, 146 S.W.3d 213, 217 (Tex. Crim. App. 2004). The signed written acknowledgments, waivers, and stipulations in the

record reflect Appellant's open plea of "guilty," and at the plea hearing, Appellant responded to the trial court's oral admonishments with the assent of a defendant pleading guilty. *See id.* (considering written acknowledgments, waivers, and stipulations with other facts pointing to defendant's voluntary desire to plead guilty in the absence of an explicit oral plea of guilty in the record); *see also Euan v. State*, No. 05-16-00252-CR, 2017 WL 1536514, at *4 (Tex. App.—Dallas Apr. 27, 2017, pet. ref'd) (mem. op., not designated for publication) (considering the same). Accordingly, we agree with counsel that no meritorious arguable grounds for appeal exist.[1] *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) ("[C]ourts of appeals must decide whether the *Anders* appeal and subsequent *pro se* brief raise any meritorious 'arguable grounds' for review." (quoting *Bledsoe*, 178 S.W. 3d at 826–27)).

We grant counsel's motion to withdraw and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 23, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.